UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 1 1 2006

DAVID J. MALAND, CLERK
DEPUTY _____

| | | |
|---|---|---|
| CLINTON JONES, INDIVIDUALLY AND AS NEXT FRIEND OF C.J.J., C.J., J.J. and J.J., MINOR CHILDREN, AND DANA JONES | § § § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| KAWASAKI HEAVY INDUSTRIES, LTD., KAWASAKI MOTORS CORP., U.S.A., KAWASAKI MOTORS MANUFACTURING CORP., U.S.A. AND KYLE WHITE | § § § § | 1:06CV0473 |

1:06CV0473

Judge Crone

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Come now, KAWASAKI HEAVY INDUSTRIES, LTD., KAWASAKI MOTORS CORP., U.S.A. and KAWASAKI MOTORS MANUFACTURING CORP., U.S.A. (hereinafter "KAWASAKI defendants") defendants in a cause styled, *Clinton Jones, Individually and as Next Friend of C.J.J., C.J., J.J., and J.J.,[1] Minor Children, and Dana Jones, Plaintiffs v. Kawasaki Heavy Industries, Ltd., Kawasaki Motors Corp., U.S.A., Kawasaki Motors Manufacturing Corp., U.S.A. and Kyle White, Defendants*, originally pending as Cause No. B-0176035 in the 60th Judicial District Court, Jefferson County, Texas, and pursuant to the terms and provisions of 28 U.S.C. §§1441(a) and 1446(b), hereby file this Notice of Removal to the United States District Court for the Eastern District of Texas, Beaumont Division, and as grounds therefore respectfully show the Court as follows:

---

[1] In accordance with General Order 04-10 and the E-Government Act of 2002, the names of the minor children have been redacted from the styled cause and replaced with their initials.

# I.
## BACKGROUND FACTS

This is a motorcycle product liability suit. Plaintiffs allege on or about April 7, 2005, Clinton Jones was operating a 2001 Kawasaki ZX7 Ninja motorcycle ("subject motorcycle") owned by Defendant KYLE WHITE when the "motorcycle went down on the ground and suddenly burst into flames."[2] Plaintiffs filed this lawsuit in the 60th Judicial District Court, Jefferson County, Texas, on October 25, 2005. Plaintiffs assert claims against the KAWASAKI defendants alleging that a defect existed in the subject motorcycle with regard to its fuel delivery system and/or storage system. Plaintiffs seek to recover damages from the KAWASAKI defendants under strict product liability and furthermore, assert negligence claims against KYLE WHITE.

Based on the arguments set forth below, KAWASAKI HEAVY INDUSTRIES, LTD., KAWASAKI MOTORS CORP., U.S.A. and KAWASAKI MOTORS MANUFACTURING CORP., U.S.A., now timely file this notice to remove based on the receipt of "other paper" showing this case is removable. 28 U.S.C. §1446 (b).

# II.
## DIVERSITY JURISDICTION

Pursuant to 28 U.S.C. §1441, KAWASAKI HEAVY INDUSTRIES LTD., KAWASAKI MOTORS CORP., U.S.A. and KAWASAKI MOTORS MANUFACTURING CORP., U.S.A. remove this action to the district and division embracing the place where this action is pending. In support of this Notice, the KAWASAKI defendants would show that there is complete diversity of citizenship between the Plaintiffs and the only properly named Defendants (see Section A below) as the Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00 (see Section B below). Removal is appropriate as it has been sought within (30) thirty days of Defendants receiving notice of "other paper" making this case removable and

---

[2] See Plaintiffs' Original Petition, hereto attached as Exhibit A.

because it has been less than one year since this action was originally commenced. See 28 U.S.C. §1446(b).

While all co-defendants must consent to the removal of a case, when improper joinder has been alleged, "application of this requirement to improperly joined parties would be nonsensical, as removal in these cases is based on the contention that no other proper defendant exists." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993). Thus, because Defendants allege improper joinder of Defendant KYLE WHITE, he is not required to consent to this removal.

A. DIVERSITY OF CITIZENSHIP.

At the date of filing of this action and the prior lawsuit, and at all times thereafter, up to and including the present, Plaintiffs are individuals who are citizens of Texas. Defendant KAWASAKI MOTORS CORP., U.S.A. is a corporation duly organized under the laws of Delaware with its principal place of business in Irvine, California. Defendant KAWASAKI MOTORS MANUFACTURING CORP., U.S.A. is a corporation duly organized under the laws of Missouri with its principal place of business in Lincoln, Nebraska. KAWASAKI HEAVY INDUSTRIES, LTD. is a corporation duly organized under the laws of Japan with its principal place of business in Japan. As set forth below, the other named defendant, KYLE WHITE, has been improperly joined in an attempt to defeat this court's diversity jurisdiction. First and foremost, there is no reasonable basis to predict that the Plaintiffs might be able to recover against this in-state defendant. Secondly, there is evidence in the record showing actual fraud in the pleading of jurisdictional facts. Therefore KYLE WHITE's state of citizenship is irrelevant for determining the propriety of this removal. Accordingly, complete diversity of citizenship exists between the Plaintiffs and the only remaining KAWASAKI Defendants.

1. **STANDARD OF REVIEW IN IMPROPER JOINDER CASES.**

To establish improper joinder,[3] the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). As will be shown below, improper joinder is established on both prongs under the facts of this case.

(A) **IMPROPER JOINDER AS NO REASONABLE BASIS OF RECOVERY AGAINST IN-STATE DEFENDANT.**

Under the second and more frequently used prong of the improper joinder analysis, the standard is whether the defendant has demonstrated that there is no reasonable basis to predict the plaintiff might be able to recover against the in-state defendant. "[A] removing defendant [need not demonstrate an absence of *any possibility* of recovery in state court... the defendant must demonstrate only that there is *no reasonable basis* for predicting that the plaintiff will recover in state court, .... the defendant must demonstrate only that there is no reasonable basis for predicting that the plaintiff will recover in state court." *Gray ex. rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (emphasis in original). A "mere theoretical possibility of recovery under local law" does not preclude a finding of improper joinder. *Badon v. RJR Nabisco, Inc.* 236 F.3d 282, 286 n. 4 (5th Cir. 2000); *Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003).

In determining whether the plaintiff has a reasonable basis for recovery on at least one claim under state law, the district court is *limited to the causes of action and allegations asserted in the complaint.* *Rubin v. Daimlerchrysler Corp.*, 2005 WL 1214605 (S.D.Tex. 2005)

---

[3] The Fifth Circuit has adopted the "improper joinder" as the more appropriate term for the concept formerly identified as "fraudulent joinder." *Smallwood v. Illinois Cent. Rail. Co.*, 385 F.3d 568, 571 n. 1 (5th Cir. 2004) (en banc). Although the terms substantively carry the same meaning, improper joinder is more consistent with the statutory language and thus is preferred. *Id.*

(emphasis added). The removing party may not rely on causes of action or new theories of recovery not alleged in the latest petition on file in the state court when the case is removed. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999); *Alonso ex rel. Estate of Cagle v. Maytag Corp.*, 356 F.Supp.2d 757, 761 (S.D.Tex. 2005) (noting that although a court may consider post-removal evidence, it may not consider new theories or causes of action.) Finally, the district court must resolve all factual disputes and ambiguities in state law in favor of the plaintiff. *McKee v. Kansas City Southern Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004).

### (i) PROCEDURE FOR DETERMINING A "REASONABLE BASIS" FOR RECOVERY.

The Fifth Circuit has outlined the two methods available to a district court in deciding a motion to remand based on improper joinder: (1) court may conduct a Rule 12(b)(6)-type analysis looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant; or (2) after examining the pleadings, the court may determine it is appropriate to pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573-74. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. A summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. *Id.*

### (ii) THERE IS NO REASONABLE BASIS OF RECOVERY.

There is no reasonable basis for the Plaintiffs to recover against the in-state Texas defendant, KYLE WHITE, owner of the subject motorcycle. Plaintiffs contend KYLE WHITE was negligent for (1) failing to keep motorcycle in proper maintenance and condition for use; (2) failing to warn of a defective condition of the motorcycle and/or lack of maintenance; (3) failing to properly inspect motorcycle for conditions rendering motorcycle dangerous and/or unsafe for

riding; and (4) failing to warn of known or present defects in stability, handling, crashworthiness, and/or controllability of the motorcycle.[4] However, in their discovery responses, Plaintiffs stated their legal theory and factual claim solely against the KAWASAKI defendants for having "designed, engineered, manufactured, tested, marketed, inspected, examined, assembled, distributed the allegedly defective motorcycle.[5] In this discovery response, Plaintiffs omitted pleading any legal theory and factual claim against KYLE WHITE.[6]

It was only during the deposition testimony of CLINTON and DANA WHITE on July 12, 2006, however, that it first became apparent that there was *no factual basis* for any claim against KYLE WHITE. Plaintiffs' testimony negates with finality any reasonable basis of recovery against this Defendant. CLINTON JONES testified that he has no personal knowledge of the condition of the motorcycle, to include its maintenance history or whether any after-market parts were added.[7] He has no personal knowledge or information on whether the subject motorcycle had been in other accidents.[8] Furthermore, he has no information that suggests that the motorcycle was not properly maintained or not in good condition.[9] Finally, he has no knowledge as to why KYLE WHITE is even being sued in this case at all.[10] DANA JONES has similarly testified that she does not "know anything about the motorcycle."[11] DANA JONES knows nothing about the mechanical condition of the motorcycle.[12]

Based upon Plaintiffs' testimony, there is no reasonable basis to predict they can recover against the in-state Texas defendant, KYLE WHITE, absent knowledge of facts to support a claim

---

[4] Exhibit A, at p. 8,¶ 5.11
[5] Plaintiffs' Responses to Request for Disclosure, hereto attached as Exhibit B, p. 2.
[6] *Id.*
[7] Deposition of Clinton Jones, dated July 12, 2006, a true and copy hereto attached as Exhibit C, 36:23 to 37:2.
[8] *Id.* at 37:8 to 37: 12.
[9] *Id.* at 81: 9-21.
[10] *Id.*
[11] Deposition of Dana Jones, dated July 12, 2006, hereto attached as Exhibit D, 98:4-11.
[12] *Id.* at 100: 10-18.

that KYLE WHITE failed to properly maintain the subject motorcycle. Thus, under the second prong of the improper joinder analysis, this case is removable.

### (B) ACTUAL FRAUD IN THE PLEADING OF JURISDICTIONAL FACTS.

The Fifth Circuit has repeatedly declined to define the first prong of the well-established test for improper joinder. Most every case pertaining to improper joinder in this circuit has been determined by applying the second prong of the test, the inability of the plaintiffs' to establish a cause of action against the non-diverse party. One case began addressing the first prong in a footnote, but still relied upon the second prong in making a decision. *Randle v. SmithKline Beecham Corp.*, 338 F.Supp.2d 704, 707 n. 4 (S.D.Miss. 2004). In this note, Judge Barbour points out that, though this case might fall under this prong, there is no bright-line test for the courts on what the first prong requires to support a finding of improper joinder by actual fraud in the pleading of jurisdictional facts. *Id.*

Recently, a Texas district court ventured into this previously un-chartered territory of determining improper joinder based on actual fraud in the pleading of jurisdictional facts and denied a plaintiffs' motion to remand based on its finding that actual fraud in the pleading of jurisdictional facts existed. *Rodriguez v. Casa Chapa S.A.*, 394 F.Supp.2d 901 (W.D.Tex. 2005).

In *Rodriguez,* the Court found that such "actual fraud in the pleading of jurisdictional facts can encompass other facts proximately leading to jurisdictional concerns. Lying to establish a putative party as a 'strawman' to defeat jurisdiction is a jurisdictional issue contained within the pleadings." *Id.* at 908. The Court looked at a number of factors in determining that there was *actual fraud* perpetrated by the plaintiffs to defeat federal jurisdiction to include the misrepresentation of the appointment of the estate administrator, and the evidence that revealed the plaintiffs had no real interest in gaining judgment against the Estate until the action was

removed. The Court found the plaintiffs never sought discovery from the Estate and when the Estate failed to file an answer to the complaint, plaintiffs failed to seek any default judgment against the Estate. Additionally, there was deposition testimony that negated and undermined the plaintiffs' claims of a valid recovery against the Estate as the plaintiff testified that he did not believe his brother, the decedent, was negligent. The Court concluded that the "sole purpose of urging a cause of action against the Estate, after the Plaintiffs had already failed to do so in any appreciable way at the state level, was to prevent federal diversity jurisdiction." *Id.* The Court deemed such factors as the perpetration of actual fraud that "most certainly falls into the ambiguous category that is 'outright fraud in the pleading of jurisdictional facts,' as required to show improper joinder." *Id., citing B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981). The Court deemed these factors "a combination of strong, if not curious, facts that Plaintiffs had no interest in recovering" from the defendant estate. *Rodriguez,* 394 F.Supp.2d at 905. The Court concluded these factors amounted to more than a mere allegation that improper joinder had occurred.

Similarly, the present case involves a number of curious facts showing Plaintiffs have no interest in recovering from KYLE WHITE, and that he was joined as a party merely to defeat diversity jurisdiction. Plaintiffs served KYLE WHITE on November 29, 2005. WHITE has never answered or otherwise made an appearance in this suit. Plaintiffs have never sought to obtain a no-answer default judgment against this Defendant. The evidence shows that Plaintiffs have no real interest in gaining a judgment against KYLE WHITE, and that Plaintiffs established this Defendant as putative party to defeat jurisdiction.

The facts which existed in *Rodriguez* and the ones that exist here are strikingly similar:

- In *Rodriguez,* defendant never answered suit and no default judgment was ever taken; likewise, KYLE WHITE has not answered and nearly a year later, no default judgment has been taken.
- In *Rodriguez,* plaintiffs did not seek any discovery on the negligence of the estate; likewise, there has been no interest in seeking additional evidence of WHITE's alleged negligence.
- In *Rodriguez,* deposition testimony negated and undermined the plaintiffs' claims of a valid recovery against the Estate as plaintiff; likewise CLINTON AND DANA JONES' deposition testimony shows there is no knowledge of any facts to support a claim against WHITE.
- In *Rodriguez,* these "combination of strong, if not curious, facts" established the estate was established a putative party to defeat diversity jurisdiction; likewise, the facts surrounding White show he is a putative party established to defeat diversity jurisdiction.

Thus, under the improper joinder analysis, there is no reasonable basis to predict that the Plaintiffs might be able to recover against KYLE WHITE so he must be disregarded for purposes of determining diversity jurisdiction. Furthermore, there are strong factors showing actual fraud in the pleading of jurisdictional facts. Based on the foregoing, Defendants KAWASAKI HEAVY INDUSTRIES, LTD., KAWASAKI MOTORS CORP., U.S.A. and KAWASAKI MOTORS MANUFACTURING CORP., U.S.A., have carried their burden of showing the propriety of this removal action.

**B.    AMOUNT IN CONTROVERSY.**

Plaintiffs have facially pled the recovery of damages sought in this lawsuit is far in excess of the $75,000 minimum diversity jurisdiction limits of the federal courts.[13] Thus, it is apparent on the face of the pleadings that the amount in controversy exceeds $75,000, which is sufficient for this Court to exercise jurisdiction.

---

[13] Exhibit A, p. 9, ¶ 6.2.

## III.
## TIMELINESS

Removal was not originally appropriate based on Plaintiffs' allegations in the original petition. Where suit is not initially removable, notice of removal is timely filed within thirty (30) days of the receipt by the defendant of notice from which it may first be ascertained that the case is one that has become removable. See *Akin v. Big Three Industries, Inc.*, 851 F.Supp. 819 (E.D.Tex.1994); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir.1996).

As discussed by the Fifth Circuit, there is a difference in the language in the two paragraphs of 28 U.S.C. §1446(b) describing the documents which trigger the time limits for notices of removal. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir.2002). The first paragraph governs notices of removal based on an "initial pleading *setting forth* the claim for relief upon which such action or proceeding is based." 28 U.S.C. §1446(b). By contrast, the second paragraph governs notices of removal based on "a copy of an amended pleading, motion, order or other paper from which it *may first be ascertained* that the case is one which is or has become removable." *Id.*

The Fifth Circuit held in *Chapman v. Powermatic, Inc.* that "for the purposes of the first paragraph of §1446(b), the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." 969 F.2d 160, 163 (5th Cir.1992). The *Chapman* measure of the "affirmatively reveals on its face" standard, however, does not apply to the second paragraph of section 1446(b), but rather the information supporting removal in a copy of an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to start the time

limit running for a notice of removal under the second paragraph of section 1446(b). *Bosky*, 288 F.3d at 211.

Based on the deposition testimony of both CLINTON and DANA JONES taken on July 12, 2006, it became clear for the first time that there exists no factual basis for the allegations made against in-state defendant KYLE WHITE. Thus, Defendants have timely filed this removal within thirty days of receiving notice of other information supporting its removal.

## IV.
### CONCLUSION

All conditions and procedures for removal have been satisfied. KAWASAKI HEAVY INDUSTRIES, LTD., KAWASAKI MOTORS CORP., U.S.A. and KAWASAKI MOTORS MANUFACTURING CORP., U.S.A., will immediately supplement this removal with all process, pleadings and orders from the Jefferson County District Court's file as Exhibit "E" upon its receipt. Defendants will also promptly give written notice of the filing of this notice of removal to the Plaintiffs, as well as promptly file a copy of the Notice of Removal with the Clerk of the District Court of Jefferson County, Texas.

Respectfully submitted,

*[signature]*

JEFFREY S. HAWKINS (Attorney-in-charge)
State Bar No. 09249100
Federal Bar No. 8962
(210) 477-7402 – Direct Line

GRANT T. MCFARLAND
State Bar No. 13598200
Federal Bar No. 19204
(210) 477-4710 – Direct Line

DAVID G. HARRIS
State Bar No. 24029600
Federal Bar No. 431130

(210) 477-7419 – Direct Line

PRICHARD HAWKINS McFARLAND
  & YOUNG, LLP
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 477-7400 - Telephone
(210) 477-7450 – Facsimile

ATTORNEYS FOR DEFENDANT
KAWASAKI HEAVY INDUSTRIES, LTD.,
KAWASAKI MOTORS CORP., U.S.A.,
KAWASAKI MOTORS MANUFACTURING
CORP., U.S.A.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been forwarded *certified mail/return receipt requested,* on this 10th day of August 2006 to:

Mikal C. Watts
Kevin W. Liles
WATTS LAW FIRM, L.L.P.
Tower II Building
555 North Carancahua, Suite 1400
Corpus Christi, Texas 78478

Jonathan C. Juhan
JONATHAN C. JUHAN, P.C.
985 I-10 North, Suite 110E
Beaumont, Texas 77706

_____
JEFFREY S. HAWKINS (Attorney-in-charge)