# EXHIBIT A

Cause No. B176U35

| | | |
|---|---|---|
| CLINTON JONES, INDIVIDUALLY<br>AND AS NEXT FRIEND OF C█████<br>J██ J█████ C█████ J███,<br>J███ J████ AND J█████ J█████<br>MINOR CHILDREN, AND DANA<br>JONES | §<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | _____ JUDICIAL DISTRICT |
| KAWASAKI HEAVY INDUSTRIES, LTD.,<br>KAWASAKI MOTORS CORP., U.S.A.,<br>KAWASAKI MOTORS MANUFACTURING<br>CORP., U.S.A, AND KYLE WHITE | §<br>§<br>§<br>§ | JEFFERSON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Clinton Jones, Individually, and as Next Friend of C████ J██J██████

C████████ J████, J███ J████, and J█████ J████ minor children, and Dana Jones file

this Original Petition and Request for Disclosure complaining of Kawasaki Heavy

Industries, Ltd., Kawasaki Motors Corp., U.S.A., Kawasaki Motors Manufacturing

Corp., U.S.A., and Kyle White, Defendants herein, and for their causes of action would

show as follows:

### I. CASE DISCOVERY CONTROL PLAN

1.1    Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiffs

allege that this case should be conducted under Level 3 of the Discovery Control Plan.

As such, absent an agreement by and between all parties, Plaintiffs request that a case

management conference be set at the Court's earliest convenience so that a

discovery/docket control order be entered.

## II. PARTIES

2.1    Plaintiff Clinton Jones is a resident of Beaumont, Jefferson County, Texas and resided there at the time this cause of action accrued.  Mr. Jones brings suit in his individual capacity and as Next Friend of his biological minor children, C████ J██ J████, C██████ J███ J██ J████ and J████ J████

2.2    Plaintiff Dana Jones is a resident of Beaumont, Jefferson County, Texas and resided there at the time this cause of action accrued.  Mrs. Jones is the spouse of Clinton Jones.

2.3    Defendant Kawasaki Heavy Industries, Ltd. (hereinafter referred to as "KHI") is a Japanese corporation with its principal place of business located in Kobe, Hyogo, Japan, doing business by agent in the state of Texas. Defendant KHI is believed to be the manufacturer, designer, and international distributor of the subject motorcycle. Its service of process address is: Kawasaki Heavy Industries, Ltd., Kobe Crystal Tower, 1-3, Higashikawasaki-cho, 1-Chome, Chuo-ku, Kobe, 650-8680, Japan 104.

2.4    Defendant Kawasaki Motors Corp., U.S.A. (hereinafter referred to as "KMC") is a California corporation doing business by agent in the state of Texas. Defendant KMC is believed to be the manufacturer, designer, and domestic distributor of the subject motorcycle. Defendant KMC may be served in accordance with Rule 106 of the Texas Rules of Civil Procedure by mailing to its registered agent for service of process within the State of Texas, CT Corp System, 350 N. St. Paul Street, Dallas, Texas 75201 a true copy of the citation with a copy of the Petition attached thereto, by certified mail, return receipt requested, restricted to addressee only.

2.5     Defendant Kawasaki Motors Manufacturing Corp., U.S.A., (hereinafter referred to as "KMM") is a Nebraska corporation doing business by agent in the state of Texas.  Defendant KMM is believed to be the domestic manufacturer, designer and distributor of the subject motorcycle.  Pursuant to Section 17.045 of the Texas Civil Practice and Remedies Code, Defendant KMM may be served with the delivery of citation upon the Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079, who shall forward the same to the President and registered agent for Defendant KMM, Shin-ichi Tamba, at Defendant KMM's principal place of business, 6600 NW 27th Street, Lincoln, Nebraska 68524-8904.

2.6     Defendant Kyle White is an individual who resided in Jefferson County, Texas at all relevant times.  Mr. White may be served with process by serving him at his residence at 641 RR 1, Winnie, Jefferson County, Texas  77665.

### III. VENUE AND JURISDICTION

3.1     Venue is proper in Jefferson County, Texas under the general venue rule contained in Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because Jefferson County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.  Specifically, the motorcycle collision made the basis of this suit occurred in Jefferson County.  Venue is thus proper as to all other defendants.  TEX. CIV. PRAC. & REM. CODE ANN. § 15.005.

3.2     The amount sought herein exceeds the minimum jurisdictional limits of the Court, and the $75,000 minimum diversity jurisdiction limits of the federal courts.

3.3     The Federal Courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship due to the presence of a Texas defendant.  Removal would be improper.  Every claim arising under the

Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised.  Plaintiff sues no foreign state or agency.

## IV. THE INCIDENT IN QUESTION

4.1     On or about April 7, 2005, Clinton Jones was travelling southbound along Walden Road in Beaumont, Jefferson County, Texas on a 2001 Kawasaki ZX7 Ninja motorcycle owned by Defendant Kyle White when the motorcycle went down on the ground and suddenly burst into flames.  It is Plaintiffs' belief that Defendants KHI, KMC, and KMM designed, engineered, manufactured, tested, marketed, inspected, examined, assembled, distributed, and placed into the stream of commerce the subject motorcycle.

4.2     As a result of the collision in question, the fuel system of the motorcycle ruptured, releasing hazardous hydrocarbons, specifically gasoline, into the environment, and causing the motorcycle to burst into flames.  When the fire began, Clinton Jones was on top of the subject motorcycle.

4.3     While on top of the subject motorcycle and when it burst into flames, Clinton Jones experienced severe and excruciating conscious pain and suffering.

## V.  CAUSES OF ACTION

A.    **Strict Products Liability**

5.1    At all times material hereto, Defendants KHI, KMC, and KMM (hereinafter collectively referred to as "Defendants Kawasaki") was in the business of designing, manufacturing and marketing motorcycles, including motorcycles such as the Kawasaki ZX7 Ninja, and did design, manufacture and market the subject motorcycle that burst into flames in this incident.  Defendants Kawasaki is thus the "manufacturer" of the subject motorcycle within the meaning of TEX. CIV. PRAC. & REM. CODE § 82.001(4), and is liable under the doctrine of strict products liability in tort for injuries and damages produced by defects in the subject motorcycle.

**Design Defect**

5.2    At the time the motorcycle was designed, manufactured and sold by Defendants Kawasaki, the same was defective in design and unreasonably dangerous with regard to the fuel system delivery and/or storage integrity of said motorcycle. Additionally, both prior to, and while, designing and developing the motorcycle in question, Defendants Kawasaki was aware that in foreseeable, real-world collisions, the rupture of the fuel delivery and/or storage system of its motorcycles would, in reasonable probability, result in injuries to occupants and/or riders of its motorcycles such as the motorcycle in question.  The defective and unreasonably dangerous condition of the motorcycle and/or the fuel delivery and/or storage system was a producing cause of the injuries to Clinton Jones and of the damages suffered by Plaintiffs.

5.3    Moreover, a safer alternative design existed at the time the product was manufactured.  The safer alternative design would have prevented or significantly

reduced the risk of the Plaintiffs' injuries and the Plaintiffs' damages, without substantially impairing the product's utility. Furthermore, the safer alternative design was economically and technologically feasible at the time the product left the control of the Defendants Kawasaki by the application of existing or reasonably achievable scientific knowledge.

### Manufacturing Defect

5.4    At the time the motorcycle and/or the fuel delivery and/or storage system in question was manufactured and sold by Defendants Kawasaki, it was defective in manufacture and unreasonably dangerous. The motorcycle and/or the fuel delivery and/or storage system in question was one that was dangerous to an extent beyond that which would have been contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the products characteristics, including Clinton Jones. This defective and unreasonably dangerous condition was a producing cause of the injuries to Clinton Jones and of the damages suffered by Plaintiffs.

### Marketing Defect

5.5    Both prior to and subsequent to the sale of the motorcycle in question, Defendants Kawasaki failed to give adequate and proper warnings and instructions regarding the dangers of said motorcycle and/or the fuel delivery and/or storage system, which failure rendered said motorcycle and/or the fuel delivery and/or storage system defective and unreasonably dangerous, and was a producing cause of the injuries to Clinton Jones and of the damages suffered by Plaintiffs.

**B.    Negligence of Kawasaki**

5.6    Defendants Kawasaki committed acts of omission and commission, which collectively and severally, constituted negligence, which negligence was a proximate cause of the injuries to Clinton Jones and of the damages suffered by Plaintiffs.  In particular, Defendants Kawasaki committed acts of negligence including, but not limited to, the following:

1.    Failing to properly design and manufacture the subject motorcycle so that there would be an adequate and effective fuel storage system so as to protect against post-collision fuel-fed fires;

2.    Placing the product on the market without adequate warnings about the dangers of the product; and

3.    Failing to adequately test the product to discover the dangerous nature of the product.

**C.    § 82.008 of the Texas Civil Practices & Remedies Code**

5.7    There is no mandatory safety standard or regulation adopted and promulgated by the federal government or an agency of the federal government which was applicable to the product at issue at the time of its manufacture which governed the product risk that the Plaintiffs allege caused harm.

5.8    Alternatively, any such standard or regulation was inadequate to protect the public from unreasonable risk of injury or damage, and/or the manufacturer either before or after marketing the product withheld or misrepresented information or material relevant to the federal government's or agency's determination of adequacy of the safety standards or regulations at issue.

## D.    Malice

5.9    The wrong done by Defendants Kawasaki was aggravated by the kind of gross negligence, malice, and callous disregard for which the law allows the imposition of exemplary damages. The conduct of Defendants Kawasaki, when viewed objectively from Defendants Kawasaki's standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants Kawasaki was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare to others. Defendants Kawasaki's acts of omission and commission, which collectively and severally constituted malice, were a proximate cause of the injuries to Clinton Jones and of the damages suffered by Plaintiffs.

## E.    Negligence of Kyle White

5.10    Defendant Kyle White committed acts of omission and commission, which collectively and severally, constituted negligence, which negligence was a proximate cause of the injuries to Clinton Jones and of the damages suffered by Plaintiffs.

5.11    Specifically, Defendant White's negligent acts, which were a proximate cause of the Plaintiff's injuries and Plaintiffs' damages, include, but are not limited to: (1) failure to keep motorcycle in proper maintenance and condition for use; (2) failure to warn of defective condition of motorcycle and/or lack of maintenance; and (3) failure to properly inspect motorcycle for conditions rendering motorcycle dangerous and/or unsafe for riding; and (4) failure to warn of known or present defects in stability, handling, crashworthiness, and/or controllability of the motorcycle.

# VI. DAMAGES

**A.    Clinton Jones' Damages Individually**

6.1    As a result of Defendants' conduct, Clinton Jones has suffered serious, permanent and disabling injuries, which have resulted in damages to him both in the past and in the future, including lost wages, loss of wage earning capacity, physical pain and suffering, mental anguish, disfigurement, physical impairment, and reasonable and necessary expenses for medical, rehabilitation, nursing and attendant care for which recovery is herein requested in an amount far in excess of the minimal jurisdictional limits of this Court and the $75,000 minimum diversity jurisdiction limits of the federal courts.

**B.    Clinton Jones' Damages as Next Friend of C▉▉▉ J▉ J▉▉▉▉ C▉▉▉▉ J▉▉▉, J▉▉▉ J▉▉▉, and J▉▉▉ J▉▉▉ minor children**

6.2    As a result of the serious, permanent and disabling injuries sustained by their father, Clinton Jones, Plaintiff Clinton Jones, as Next Friend of C▉▉▉ J▉ J▉▉▉▉, C▉▉▉▉▉▉ J▉▉ J▉▉ J▉▉▉, and J▉▉▉▉ J▉▉ minor children, have suffered damage to the nature and degree of affection, solace, care, maintenance, household services, advice, counsel, love, comfort, companionship, society, assistance, protection, emotional support, felicity, and consortium which they otherwise would have received from their father, mental anguish, loss of financial support, other pecuniary loss, and other resulting damages for which recovery is herein in an amount far in excess of the minimal jurisdictional limits of this Court and the $75,000 minimum diversity jurisdiction limits of the federal courts.

**C.    Dana Jones' Damages**

6.3    As a result of the serious, permanent and disabling injuries sustained by her husband, Clinton Jones, Plaintiff Dana Jones has suffered damage to the nature and

degree of affection, solace, care, maintenance, household services, advice, counsel, love, comfort, companionship, society, assistance, sexual relations, emotional support, felicity, and consortium which she otherwise would have received from her husband, mental anguish, lost wages, loss of financial support, other pecuniary loss, and other resulting damages for which recovery is herein in an amount far in excess of the minimal jurisdictional limits of this Court and the $75,000 minimum diversity jurisdiction limits of the federal courts.

**D.    Exemplary Damages**

6.4    As a result of the gross neglect by Defendants Kawasaki, Plaintiffs seek exemplary damages against Defendants Kawasaki in an amount deemed appropriate by the jury.

## VII. PREJUDGMENT AND POST-JUDGMENT INTEREST

7.1    Plaintiffs seek prejudgment and post-judgment interest at the highest rate allowed by law.

## VIII. JURY DEMAND

8.1    In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs hereby make application for a jury trial and request that this cause be set on the Court's Jury Docket. In support of this application, the appropriate jury fee has been paid to the Clerk at least thirty (30) days in advance of the trial setting.

## IX. REQUESTS FOR DISCLOSURE

9.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all parties named herein as Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2(a)-(l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from the Defendants for his actual and punitive damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

**WATTS LAW FIRM, L.L.P.**

By: _____

**Mikal C. Watts**
State Bar No. 20981820
**Kevin W. Liles**
State Bar No. 00798329
Tower II Building
555 North Carancahua, Suite 1400
Corpus Christi, TX 78478
Telephone: (361) 887-0500
Facsimile: (361) 887-0055

and

**JONATHAN C. JUHAN, P.C.**

**Jonathan C. Juhan**
State Bar No. 11047225
985 I-10 North, Suite 110E
Beaumont, TX 77706
Telephone: (409) 832-8877
Facsimile: (409) 924-8880

**ATTORNEYS FOR PLAINTIFFS**